Order, Supreme Court, New York County (Bernard J. Fried, J.), entered May 1, 2006, which, insofar as appealed from, denied defendant's motion to vacate an order granting, on default, plaintiffs' motion pursuant to CPLR 3126 to strike defendant's answer, unanimously affirmed, without costs.

Defendant's motion to vacate was properly denied for lack of an affidavit from his former attorney explaining the attorney's failure to appear for argument of plaintiffs' CPLR 3126 motion or submit opposition thereto, or an affidavit from a physician substantiating the attorney's claimed medical problems and showing how they affected his ability to function as an attorney during the period in question (*see Solovay v Paone Corp.*, 219 AD2d 462, 463 [1995]; *cf. Weitzenberg v Nassau County Dept. of Recreation & Parks*, 29 AD3d 683, 684-685 [2006]; *219 E. 7th St. Hous. Dev. Fund Corp. v 324 E. 8th St. Hous. Dev. Fund Corp.*, 40 AD3d 293, 294-295 [2007]; *Embraer Fin. Ltd. v Servicios Aereos Profesionales, S.A.*, 42 AD3d 380 [2007]). We note that the argument of the CPLR 3126 motion was scheduled at the same time as a second compliance conference, the first compliance conference having been adjourned when defendant's former attorney failed to appear. Although defendant is a physician, his affidavit, setting forth his nontreatment based observations without specifying any particular disability or opining as to whether any condition was the cause of the attorney's neglect during the period in question, is insufficient. Nor does it avail defendant that plaintiffs' attorney concedes that defendant's former attorney suffered a stroke seven months after the default in issue. We have considered defendant's other contentions and find them unavailing. Concur—Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ.

■ In the Matter of GILBERT LAU, Petitioner, v LUCINDO SUAREZ et al., Respondents. [844 NYS2d 162]—Application for an order pursuant to article 78 of the Civil Practice Law and Rules denied and the petition dismissed, without costs or disbursements. All concur. No opinion. Order filed. Concur—Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ.

■ In the Matter of TYRONE JACKSON, Petitioner, v EDWIN TORRES, Respondent. [844 NYS2d 162]—Application for an order pursuant to article 78 of the Civil Practice Law and Rules denied and the petition dismissed, without costs or disbursements. All

concur. No opinion. Order filed. Concur—Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ.

■ DORIS BROWNLEY et al., Appellants, v ROBERT DOAR, as Commissioner of the New York State Office of Temporary and Disability Assistance, Respondent, et al., Defendants. [842 NYS2d 436]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 23, 2006, which, inter alia, dismissed the complaint on the ground that plaintiffs and the proposed intervenors were without standing, unanimously affirmed, without costs.

Plaintiffs and the proposed intervenors, who are aid recipients under the state Safety Net Assistance (SNA) program, lack standing to challenge the adequacy of shelter allowances pursuant to Social Services Law § 350 (1) (a). Canons of statutory construction and a review of the pertinent legislative history establish that the adequacy requirement contained in section 350 (1) (a) was intended to apply to the state Family Assistance (FA) program but not to SNA, for which FA recipients may become eligible once their eligibility for FA expires (*see Hedgepeth v Wing*, 29 AD3d 632 [2d Dept 2005]). We note that if the Legislature intended for the adequacy requirement contained in section 350 to apply to SNA, it could have amended the statute after the Second Department rendered its decisions determining that SNA recipients were without standing to challenge the adequacy of their shelter allowances under section 350 (*see McVay v Wing*, 303 AD2d 727 [2d Dept 2003], *lv dismissed* 100 NY2d 577 [2003]; *Shubrick v Wing*, 303 AD2d 744 [2d Dept 2003], *lv dismissed* 100 NY2d 577 [2003]), after *Hedgepeth* (*supra*), or after this Court's opinion in *Jiggetts v Dowling* (21 AD3d 178 [2005], *appeal dismissed* 6 NY3d 807 [2006]). That the Legislature has evidently chosen not to do so, suggests that the statute has been correctly construed (*see Matter of Knight-Ridder Broadcasting v Greenberg*, 70 NY2d 151, 157 [1987]).

We have considered plaintiffs' additional arguments and find them unavailing. Concur—Sullivan, J.P., Williams, Sweeny, Catterson and Malone, JJ.

■ TIMOTHY DALEY, Appellant, v M/S CAPITAL NY LLC, Respondent. [844 NYS2d 194]—